**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERIC J. GRAY, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 4:10-CV-1420-RWS |
| | ) |
| DERRICK MURRAY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Eric J. Gray, Sr. (registration no. 148113) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay any portion of the filing fee and will not assess an initial partial filing fee at this time. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $00.00, and an average monthly balance of $00.00. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of

misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint and Supplements**

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Derrick Murray, Eric Clark (Wellston police officer), Jamal Dunn (Wellston police officer), Robert McCulloch (prosecuting attorney), Tanisha Ball (assistant prosecuting attorney), Mary Elizaburt Ott (state court judge), Patrick Brayer (public defender), Joan M. Gilmer (St. Louis County Circuit Clerk), Marol Lamb (assistant prosecuting attorney), Kelly Lynn Hritz (public defender), Carolyn C. Whittington (judge), John Doe, and Jane Doe.

Liberally construing the complaint and supplements, plaintiff is alleging that (1) defendants Eric Clark and Jamal Dunn "violated [the] Rule of Good Faith" and the "best evidence rules," lied under oath, committed "entrapment estoppel," and filed a false police report; (2) defendant Mary Elizaburt Ott failed to dismiss a case; (3) defendant Kelly Lynn Hritz misrepresented material facts, rendered ineffective assistance of counsel, and "had a conflict of interest by criminal intent" to deny

plaintiff his rights, including his speedy trial rights; (4) defendant Carolyn Whittington exhibited a reckless disregard for the truth, was prejudiced and unfair during the pretrial proceedings, and committed trial errors; (5) defendant Murol Lamb engaged in "misleading tricks" and malicious prosecution, violated a discovery order, and denied plaintiff his "right of evidence"; (6) defendant Derrick Murray lied under oath; (7) defendant Joan M. Gilmer "den[ied] information proceeding as docket sheet" and failed to file a motion as it "was written to the court"; (8) defendant Tanisha Ball failed to investigate, filed false reports, and failed to dismiss a case; (9) defendant Patrick Brayer committed perjury and failed to review and take over plaintiff's case; and (10) defendant Robert McCulloch engaged in malicious prosecution. As to the Doe defendants, plaintiff merely states that John Doe is the brother of "Rodney Richardson," and Jane Doe is John Doe's girlfriend.

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint and supplements are legally frivolous and fail to state a claim or cause of action under § 1983 as to any of the named defendants. As noted above, legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth. See Iqbal, 129 S.Ct. at 1949. In the instant action there are no non-conclusory allegations that would show that any of the named defendants violated plaintiff's constitutional rights, and thus, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" See Twombly, 550 U.S. at 557; Iqbal, 129 S.Ct. at 1949.

Furthermore, to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, declared

-4-

invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff does not claim that his conviction or sentence has been reversed, expunged, invalidated, or called into question. Thus, plaintiff's claims are barred by the United States Supreme Court's holding in Heck.

Moreover, to state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff does not allege, nor does it appear from the allegations, that defendants Derrick Murray, John Doe, and/or Jane Doe are state actors within the meaning of § 1983.

The Court further notes that judges, such as Mary Elizaburt Ott and Carolyn C. Whittington, are immune from liability for damages under § 1983 where the alleged wrongdoings were performed within their judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). In addition, public defenders, such as Patrick Brayer and Kelly Lynn Hritz, who are performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Prosecuting attorneys, such as Robert McCulloch, Tanisha Ball, and Marol Lamb, are absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Myers v. Morris, 810 F.2d 1437, 1448 (8th Cir. 1987). This immunity extends to allegations of vindictive prosecution. Myers v. Morris, 810 F.2d at 1446. Because the filing of complaints and other legal documents is an integral part of the judicial process, defendant Joan M. Gilmer is also protected by judicial immunity from damages for alleged civil rights violations

committed in connection with the performance of such tasks. See Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989).

Last, it appears that plaintiff is suing police officers Jamal Dunn and Eric Clark in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.

For the above-stated reasons, the complaint and supplements are legally frivolous and fail to state a claim upon which relief can be granted as to any of the named defendants. To the extent that plaintiff is attempting to assert claims for habeas corpus relief under 28 U.S.C. § 2254, he must file a separate habeas action, after exhausting available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as Eric J. Gray, Sr. v. Derrick Murray, Eric Clark, Jamal Dunn, Robert McCulloch, Tanisha Ball, Mary Elizaburt Ott,

Patrick Brayer, Joan M. Gilmer, Marol Lamb, Kelly Lynn Hritz, Carolyn C. Whittington, John Doe, and Jane Doe .

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint and supplements are legally frivolous and fail to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this __13th__ Day of September, 2010.

                                           _/s/ signature_
                                           UNITED STATES DISTRICT JUDGE